Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION Y OTROS<br><br>Apelados<br><br>v.<br><br>LA SUCESIÓN DE VICENTE MORALES RODRÍGUEZ Y OTROS<br><br>Apelantes | TA2025AP00572 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Cobro de Dinero (Ejecución de Hipoteca)<br><br>Caso Núm. BY2023CV01167 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de febrero de 2026.

Comparece ante nos el apelante, Christian Private Academy, Inc. (en adelante, parte apelante o Christian Private Academy), mediante un recurso de apelación y nos solicita la revisión de la *Sentencia* emitida y notificada el 29 de octubre de 2025, por el Tribunal de Primera Instancia, Sala de San Juan. Mediante la misma, el foro primario anotó la rebeldía a la parte apelante, y declaró con lugar una acción en cobro de dinero y ejecución de hipoteca promovida por la parte apelada, U.S. Bank Trust National Association.

Por los fundamentos que expondremos a continuación, se confirma la sentencia apelada.

**I**

El 1 de marzo de 2023, la parte apelada presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca, en contra de Christian Private Academy, Inc., Vicente Morales Rodríguez, Vicente Morales Martínez, la Sucesión de Severina Martínez Martínez t/c/c Severeina Martínez Martínez, Fulano y Fulana de tal

como posibles herederos desconocidos con interés en la sucesión de Vicente Morales Rodríguez, Sutano y Sutana de tal como posibles herederos desconocidos con interés en la Sucesión de Severina Martínez Martínez y el Centro de Recaudación de Ingresos Municipales (CRIM), (en adelante, codemandados).[1]

En el pliego, sostuvo que, el 8 de noviembre de 1999, la parte apelante y los codemandados Vicente Morales Rodríguez y Severina Martínez Martínez otorgaron ante Notario un pagaré a favor de Popular Mortgage, Inc. o a su orden, por la suma principal de $100,000.00 más un interés anual a razón del 8.375% sobre el balance adeudado. Agregó, que la referida hipoteca fue modificada el 1 de septiembre de 2019, mediante documento interno intitulado *Assumption and Modification Agreement.* De acuerdo con sus alegaciones, indicó ser el tenedor de buena fe del pagaré hipotecario objeto de ejecución. Además, adujo que la parte apelante y codemandados incurrieron en el incumplimiento de su obligación, toda vez que realizaron su último pago el 1 de agosto de 2022, adeudando la suma total de $105,482.57, más los intereses a razón del 3.00% acumulados desde la última fecha de pago. Finalmente, solicitó la suma de $10,000.00 para gastos, costas y honorarios de abogado.

Tras varios trámites procesales, el 3 de mayo de 2023, el apelado presentó *Moción Sometiendo Emplazamientos Diligenciados y Solicitando Emplazamiento por Edicto.*[2] En la misma, alegó que pudo emplazar personalmente a los codemandados Vicente Morales Martínez y al CRIM. Sin embargo, expuso que todas sus gestiones para emplazar a los posibles herederos desconocidos con interés en la Sucesión de Vicente Morales Rodríguez, así como a los posibles herederos desconocidos con interés en la Sucesión de Severina

---

[1] Apéndice del recurso, Entrada Núm. 1, págs. 1-7.
[2] *Íd.*, Entrada Núm. 14, págs. 1-4.

Martínez Martínez, Tito Morales Martínez por sí, como miembro de ambas sucesiones y como agente de Christian Private Academy fueron infructuosas.

Con el aludido pliego se acompañó una declaración jurada suscrita por el emplazador Fernando Marcano Maldonado, en la cual hizo constar lo siguiente: (1) que se personó el 18 de marzo de 2023, en la propiedad objeto de la acción de ejecución presentada y no encontró a nadie; (2) que el 20 de marzo de 2023, llamó a los números de teléfonos proporcionados por la parte apelada y no recibió respuesta; (3) que regresó el 22 de marzo de 2023, a la propiedad en controversia sin dar con persona alguna; (4) que el 27 de marzo de 2023, emplazó al codemandado Vicente Morales Martínez en la propiedad objeto de controversia y este le informó que la parte apelante había cesado operaciones hacía varios años por lo que le proveyó el contacto de su hermano, el señor Tito Morales Martínez, quien alegadamente fungía como agente residente de la corporación, Christian Private Academy; (5) que al comunicarse con Tito Morales Martínez, este le indicó que la referida institución se encontraba cerrada y que no tenía ninguna relación con el asunto en controversia, pero que iba a hablar con su abogado y le devolvía la llamada; (6) que acudió el 31 de marzo de 2023 a la dirección de la hermana del codemandado Vicente Morales Martínez y resultó ser una urbanización con control de acceso, por lo cual no pudo acceder a ella; (7) que realizó diligencias adicionales para localizar a los codemandados, incluyendo visitas a la Casa Alcaldía de Bayamón y al Cuartel Municipal de dicho municipio, así como búsquedas cibernéticas, y que a pesar de haber realizado múltiples gestiones para emplazar al resto de los codemandados, había sido imposible.[3] Junto a su declaración jurada, el emplazador anejó documentos

---

[3] *Íd.*, Entrada Núm. 14, Anejo 3, págs. 1-21.

adicionales acreditando las gestiones de búsquedas realizadas por medios cibernéticos para localizar a las partes. Dadas las circunstancias, la parte apelada solicitó al foro primario que autorizara y ordenara el emplazamiento por edicto de las personas y la entidad a las cuales no se pudo diligenciar el emplazamiento.

Luego de evaluada la petición, el Tribunal de Primera Instancia, mediante *Orden* notificada el 5 de mayo de 2023, ordenó expedir el emplazamiento por edicto.[4] Posteriormente, el 16 de junio de 2023, la parte apelada presentó *Moción al Expediente Judicial*, acreditando que el emplazamiento fue publicado el 19 de mayo de 2023.[5]

Transcurrido el término para que los codemandados presentaran su alegación responsiva, el 11 de julio de 2023, la parte apelada presentó *Moción en Solicitud de Sentencia en Rebeldía.*[6] Además, ese mismo día, presentó *Moción Solicitando Referido a Mediación.*[7] Mediante la misma, solicitó la suspensión del pleito hasta tanto culminara el proceso de mediación.

Tras evaluar los pliegos, el 12 de julio de 2023, el Tribunal de Primera Instancia declaró *No Ha Lugar* la solicitud de rebeldía. A su vez, emitió una *Orden* refiriendo a las partes al proceso de mediación compulsoria en el Centro de Mediación de Conflictos del Tribunal, con el propósito de lograr un acuerdo satisfactorio para ambas partes.[8]

Después de varias incidencias procesales, el 9 de diciembre de 2024, la parte apelante presentó sin someterse a la jurisdicción una *Moción Solicitando Dejar Sin Efecto el Emplazamiento por Edicto y Solicitud de Desestimación de la Demanda al Amparo de la Regla*

---

[4] *Íd.*, Entrada Núm. 16, pág. 1.
[5] *Íd.*, Entrada Núm. 17, págs. 1-2.
[6] *Íd.*, Entrada Núm. 20, págs. 1-4.
[7] *Íd.*, Entrada Núm. 21, págs. 1-2.
[8] *Íd.*, Entrada Núm. 23, págs. 1-2.

*4.3 (c) de Procedimiento Civil.*[9] En su escrito, la parte apelante sostuvo que las gestiones realizadas por la parte apelada, según reflejadas en la declaración jurada presentada para justificar el emplazamiento por edicto, resultaron insuficientes. Planteó que, habiendo transcurrido apenas 57 días desde la expedición de los emplazamientos y luego de solo 6 días de gestiones, la parte apelada solicitó autorización para emplazar por edicto. Adujo que el emplazador no presentó como evidencia fotos que acreditaran que había acudido a la propiedad objeto de ejecución. Sostuvo igualmente, que las llamadas telefónicas realizadas por el emplazador no eran reconocidas por nuestro más Alto Foro como gestiones suficientes para solicitar un emplazamiento por edicto.

Por otro lado, añadió que no se incluyó evidencia de la corroboración de las referidas llamadas, ni que el número de teléfono le correspondía al señor Tito Morales Martínez. De igual forma, cuestionó la razonabilidad y suficiencia de los métodos empleados por el emplazador para localizar a la parte apelante. Planteó, que el emplazador nunca solicitó una orden del tribunal para entrar a la urbanización con control de acceso. Así como que debió haber consultado el portal del Departamento de Estado, específicamente la sección de corporaciones, para constatar que el presidente de la institución Christian Private Academy era el licenciado Julio E. Gil de Lamadrid. Agregó, que el emplazador debió haber realizado otras investigaciones, como acudir al Departamento de Instrucción Pública, al Departamento de Transportación y Obras Públicas, a la Sección de Patentes Municipales, a la Sección de Corporaciones del Departamento de Hacienda o acudir al Cuartel de la Policía más cercano a Christian Private Academy. A tenor con sus señalamientos, solicitó al foro primario que desestimara la causa de

---

[9] *Íd.*, Entrada Núm. 50, págs. 1-7.

acción presentada con perjuicio. Con su escrito, acompañó un documento el cual indicaba que la corporación Christian Private Academy fue cancelada el 30 de diciembre de 2023. Además, el referido documento establecía las siguientes personas como oficiales de la Corporación: Vanessa Morales de Jesús, Secretaria; Tito Morales Martínez, Agente Residente; y, Julio E. Gil de Lamadrid, Presidente.

En respuesta, el 2 de enero de 2025, la parte apelada *presentó Oposición a Solicitud de Desestimación.*[10] En específico, planteó que en la declaración jurada se detallaron las visitas a la propiedad, llamadas y búsquedas para intentar emplazar a la parte apelante. Destacó que, en el pliego, la parte apelante no había aducido que la dirección y teléfonos utilizados para localizarlo eran incorrectos, sino que se debió acompañar documentación adicional que no era exigida por nuestro ordenamiento jurídico. Sostuvo que la parte apelante no había desmentido que los señores Vicente Morales Martínez y Tito Morales Martínez estaban relacionados con Christian Pivate Academy, Inc. Enfatizó que, conforme surge de la documentación presentada por la propia parte en su solicitud desestimación, el emplazador acudió a la dirección correcta y contactó a las personas apropiadas para emplazar. Así, planteó que las gestiones realizadas por el emplazador fueron hechas conforme a las exigencias de la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, toda vez que se presentaron hechos específicos y realizados por el emplazador para diligenciar el emplazamiento.

El 8 de enero de 2025, la parte apelante presentó *Réplica a Oposición a Solicitud de Desestimación.*[11] Mediante la misma, reiteró sus argumentos referentes a la falta de gestiones realizadas para justificar el emplazamiento por edicto.

---

[10] *Íd.*, Entrada Núm. 53, págs. 1-5.
[11] *Íd.*, Entrada Núm. 55, págs. 1-10.

Habiendo entendido sobre los respectivos planteamientos, el 25 de agosto de 2025, el foro primario declaró *No Ha Lugar* la solicitud de desestimación presentada y, en consecuencia, ordenó la continuación de los procedimientos.

El 27 de octubre de 2025, la parte apelada presentó *Moción Reiterando Solicitud de Anotación y Sentencia en Rebeldía.*[12] Mediante la misma, solicitó que el foro primario atendiera la petición de anotación y sentencia en rebeldía que aún permanecía pendiente ante la consideración del tribunal.

Luego de una *Moción en Cumplimiento de Orden*[13] presentada por la parte apelada, con la cual se acompañaron los siguientes documentos como evidencia: certificación registral, requerimiento de pago enviado a los deudores, copia fiel y exacta del pagaré suscrito, copia de la escritura de hipoteca, declaración jurada acreditando el balance reclamado y acreditando que se encuentra en posesión del pagaré original y certificación militar, el 29 de octubre de 2025, el Tribunal de Primera Instancia dictó la *Sentencia* que nos ocupa. En virtud de su pronunciamiento, el foro primario anotó la rebeldía a la parte apelante y los codemandados, esto por haber transcurrido el término para que presentaran alegación responsiva. En consecuencia, dictó sentencia en rebeldía, condenando a la parte demandada a pagar la suma de $105,482.27 de principal, más $3,674.88 de intereses acumulados y la suma de $10,000.00 en concepto de costas, gastos y honorarios de abogados. A su vez, ordenó la venta en pública subasta del bien objeto de controversia, si no se realizaba el pago de las sumas adeudadas.

Inconforme, el 20 de noviembre de 2025, la parte apelante presentó su recurso ante nos, en el cual arguyó el siguiente señalamiento de error:

---

[12] *Íd.*, Entrada Núm. 68, págs. 1-2.
[13] *Íd.*, Entrada Núm. 18, págs. 1-2, Anejos I al VI.

Erró el TPI al dictar Sentencia en cuanto a la parte apelante Christian Private Academy, Inc., a pesar de que el TPI carecía de jurisdicción sobre el apelante, Christian Private Academy.

Luego de examinar el expediente de autos, y con el beneficio de la comparecencia de las partes, procedemos a expresarnos.

**II**

Como principio rector, el debido proceso de ley exige que toda persona, natural o jurídica, sobre quien pesa un proceso judicial, conozca de la existencia del mismo para que comparezca al tribunal y presente adecuadamente su defensa. De conformidad con este deber, el emplazamiento debe constituir una notificación razonable y adecuada sobre la pendencia de determinada reclamación, de manera que le brinde al individuo la oportunidad de ser oído antes de que sus derechos queden adjudicados. *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 644 (2018); *Bonilla Ramos v. Dávila Medina,* 185 DPR 667, 682 (2012); *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 863 (2005). El emplazamiento es el mecanismo procesal mediante el cual los tribunales de justicia adquieren jurisdicción sobre la persona del demandado para que éste quede sujeto a su eventual pronunciamiento. *Ross Valedón v. Hosp. Dr. Susoni et al,* 213 DPR 481, 487 (2024); *Rivera Torres v. Díaz López,* 207 DPR 636, 646-647 (2021); *Torres Zayas v. Montano Gómez et als.,* 199 DPR 458, 457 (2017); *Sánchez Rivera v. Malavé Rivera,* 192 DPR 854, 869 (2015); *Sánchez Rodríguez v. Adm. de Corrección,* 177 DPR 714, 720 (2009); *Rivera v. Jaume,* 157 DPR 562, 575 (2002). De ahí que se le reconoce como el paso inaugural del debido proceso de ley, que viabiliza el ejercicio de la autoridad judicial y cuya adulteración constituye una violación al trato justo. *Lucero v. San Juan Star,* 159 DPR 494, 507 (2003). Siendo esto así y por estar revestido de una de las mayores garantías constitucionales, nuestro sistema de derecho exige que, tanto su

forma, como su diligenciamiento, cumplan estrictamente con los requisitos legales provistos. *Banco Popular v. S.L.G. Negrón*, supra, 863; *Quiñones Román v. Cía ABC*, 152 DPR 367, 374 (2000).

Por su parte, el diligenciamiento personal de un emplazamiento constituye el mecanismo más idóneo para adquirir jurisdicción sobre un demandado. *Banco Popular v. S.L.G. Negrón*, supra, pág. 863. En lo aquí pertinente, la Regla 4.4 de Procedimiento Civil dispone como sigue:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y el emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndoselas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona que hizo la entrega. El diligenciamiento se hará de la manera siguiente:
>
> [...]
>
> (e) A una corporación, compañía, sociedad, asociación o cualquier otra persona jurídica, entregando copia del emplazamiento y de la demanda a un o una oficial, gerente administrativo, agente general o a cualquier otro u otra agente autorizado o autorizada por nombramiento o designado por ley para recibir emplazamientos. A la Sociedad Legal de Gananciales se emplazará entregando copia del emplazamiento y de la demanda a ambos cónyuges.
>
> [...]
>
> 32 LPRA Ap. V, R. 4.4.

No obstante, por vía de excepción, el ordenamiento procesal vigente autoriza el emplazamiento por edicto, ello de concurrir ciertas circunstancias expresamente definidas por ley. *Sánchez Ruiz v. Higuera Pérez et al.,* 203 DPR 982, 987-988 (2020). Al respecto, la Regla 4.6 de Procedimiento Civil, dispone lo siguiente:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico, no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal

mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

[...].

32 LPRA Ap. V, R. 4.6.

De una lectura de la Regla surge que el emplazamiento mediante edictos está contemplado para cuatro (4) situaciones específicas: (1) cuando la persona a ser emplazada se halla fuera de Puerto Rico; (2) cuando la persona a ser emplazada, aunque se encuentre en Puerto Rico, no puede ser localizada; (3) cuando la persona a ser emplazada, estando en Puerto Rico, se oculta para no ser emplazada; y (4) cuando se trata de una corporación extranjera sin agente residente.

De conformidad con lo anterior, para que proceda la autorización de un emplazamiento por edicto, se exige al demandante acreditar ante el foro concernido, mediante declaración jurada a los efectos, de manera específica y detallada, las diligencias que efectuó para localizar y, por ende, emplazar personalmente a la parte demandada. *Sánchez Ruiz v. Higuera Pérez et al.,* supra, pág. 988. A tal fin, meras generalidades no constituyen argumentos suficientes. *Íd.* Debe expresarse, por ejemplo, las personas con quienes investigó y la dirección de estas, así como inquirir de las autoridades de la comunidad, la policía, el alcalde, el administrador de correos, que son las personas que pueden conocer la residencia o el paradero de las personas que viven en una comunidad. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Pubs. JTS, 2011, T. I, pág. 356. Por tanto, compete al

juzgador examinar si las gestiones expuestas ante su consideración fueron razonables, de modo tal que concluya que, autorizar el emplazamiento por edicto, resulta ser el mecanismo más viable para adquirir jurisdicción sobre la persona del promovido en el pleito. *Sánchez Ruiz v. Higuera Pérez et al.,* supra, págs. 988-989.

Atinente al asunto que nos ocupa, nuestro más Alto Foro ha enfatizado que es el juez del Tribunal de Primera Instancia quien debe evaluar si en determinado caso se han hecho las diligencias razonables necesarias para obtener el paradero del demandado, antes de autorizar el emplazamiento alterno a la entrega personal. *Mundo v. Fuster,* 87 DPR 363, 372 (1963). Quedando a discreción del tribunal autorizar la expedición que autoriza la publicación del emplazamiento por edicto. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, LexisNexis, 2017, pág. 270.

Cónsono con ello, constituye una norma judicial clara y establecida que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *W.M.M., P.F.M. et al. v. Colegio et al.,* 211 DPR 871, 903 (2023); *Citibank et al v. ACBI et al.,* 200 DPR 724, 736 (2018). La discreción es el más poderoso instrumento reservado al juzgador. *Rodríguez v. Pérez,* 161 DPR 637, 651 (2004). Al precisar su alcance, el estado de derecho lo define como la autoridad judicial para decidir entre uno o varios cursos de acción, sin que ello signifique abstraerse del resto del derecho. *W.M.M., P.F.M. et al. v. Colegio et al.,* supra, pág. 903; *Citibank et al v. ACBI et al.,* supra, pág. 735. Su más adecuado ejercicio está inexorablemente atado al concepto de la razonabilidad, de modo que el discernimiento judicial empleado redunde en una

conclusión justiciera. *Íd.*; *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729; *García v. Asociación*, 165 DPR 311, 321 (2005).

**B**

Por otro lado, la Ley Núm. 164-2009, conocida como la Ley General de Corporaciones, 14 LPRA sec. 3501 *et seq*, es el estatuto que dispone las pautas generales que regulan el sistema corporativo en nuestro ordenamiento jurídico. En lo aquí concerniente, el Artículo 3.02 de la Ley 164-2009, *supra*, exige que toda corporación tenga un agente residente. En específico, dispone que:

> Toda corporación deberá mantener en el Estado Libre Asociado un agente residente, quien podrá ser: (i) la propia corporación; (ii) un individuo residente en el Estado Libre Asociado; (iii) una persona jurídica organizada bajo las leyes del Estado Libre Asociado de Puerto Rico o foránea, autorizada a hacer negocios en el Estado Libre Asociado, cuya oficina de negocios deberá, en cada caso, coincidir con la oficina designada de la corporación, la cual, de ordinario, está abierta durante horas laborales para recibir emplazamientos y realizar las funciones propias de un agente residente.

Conforme lo ordena la Ley de Corporaciones, toda corporación admitida a hacer negocios en el Estado Libre Asociado mantendrá de manera continua una oficina designada y un agente residente en el Estado Libre Asociado, según se dispone en la ley. "El agente residente será la persona a través de la cual podrán diligenciarse los emplazamientos y otro tipo de notificaciones a la corporación". C. E. Díaz Olivo, Corporaciones: *Tratado Sobre Derecho Corporativo*, 2.a ed. rev., Ed. AlmaForte, 2018, pág. 166.

Referente a la controversia que nos ocupa, destacamos que el Artículo 12.01 de la Ley Núm. 164-2009 regula como debe llevarse a cabo el emplazamiento de una corporación. En específico, el estatuto establece que:

> Se emplazará a cualquier corporación organizada en el Estado Libre Asociado entregando personalmente una copia del emplazamiento a cualquier oficial o director de la corporación en el Estado Libre Asociado, o al agente inscrito de la corporación en el Estado Libre Asociado, o dejándola en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito (si el agente

inscrito es un individuo) en el Estado Libre Asociado, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado. Si el agente inscrito fuere una corporación, se podrá efectuar el emplazamiento a través de dicha corporación en calidad de agente, mediante la entrega en el Estado Libre Asociado de una copia del emplazamiento al presidente, vicepresidente, secretario, subsecretario o cualquier director del agente residente corporativo. El emplazamiento diligenciado mediante la entrega de una copia en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado, para ser eficaz, deberá dejarse en presencia de un adulto por lo menos seis (6) días previos a la fecha del señalamiento del procedimiento judicial y el emplazador, informará claramente, la forma de diligenciamiento en la notificación de la misma. Si la comparecencia ha de ser inmediata, el emplazamiento deberá entregarse en persona al oficial, director o agente residente.

**III**

En la presente causa, la parte apelante plantea que el Tribunal de Primera Instancia erró en dictar sentencia en su contra. En esencia, aduce que la parte apelada no realizó el emplazamiento conforme a derecho, lo que privó al foro primario de jurisdicción. Habiendo examinado el referido planteamiento a la luz de las particularidades del caso, así como el derecho aplicable a la controversia de autos, procedemos a confirmar la *Sentencia* apelada. Veamos.

Según se desprende de la discusión del derecho aplicable a esta controversia, se puede diligenciar el emplazamiento de una corporación, a través del agente residente o dejándolo en la sede de negocios de la corporación, entre otros. Ahora bien, cuando resulten infructuosos los esfuerzos para diligenciar personalmente a la corporación, la parte demandante podrá solicitarle al foro primario que expida un emplazamiento por edicto. La parte que solicite el emplazamiento por edicto deberá acompañar la petición con una declaración jurada en la que detalle, de manera específica, las diligencias que realizó para localizar a la parte demandada. *Sánchez Ruiz v. Higuera Pérez et al.,* supra, pág. 988.

En el caso ante nuestra consideración, la parte apelada presentó una solicitud de emplazamiento por edicto, acompañada de una declaración jurada suscrita por el emplazador Fernando Marcano Maldonado. Del contenido de la misma, surgen las gestiones específicas realizadas por el emplazador para localizar al señor Tito Morales Martínez, agente residente de Christian Private Academy, y no meras generalidades como sostiene la parte apelante. Según surge, el emplazador se personó en la propiedad objeto de ejecución en varias ocasiones, realizó llamadas al señor Tito Morales Martínez, así como acudió a la dirección de la hermana del codemandado Vicente Morales Martínez. Igualmente, se presentó en la Casa Alcaldía de Bayamón, al Cuartel Municipal del referido municipio y llevó a cabo otras búsquedas cibernéticas, todo ello en un esfuerzo razonable para lograr emplazar a la parte apelante.

Precisa destacar que, del expediente ante nuestra consideración, no surge que la parte apelante haya negado que la dirección ni teléfonos provistos por el emplazador en su declaración jurada fueron incorrectos. Por el contrario, su planteamiento se limitó a sostener que se debió acompañar documentación adicional, como fotos y registros de llamadas, las cuales no son exigidas por nuestro ordenamiento jurídico. Igualmente, la parte apelante no cuestionó la relación de los señores Vicente Morales Martínez y Tito Morales Martínez con la institución en controversia, ni alega que se haya intentado emplazar a personas incorrectas.

Siendo así, al presentarse una declaración jurada, el Tribunal de Primera Instancia, conforme a su criterio discrecional, evaluó las diligencias realizadas con el fin de localizar a la parte apelante y autorizar el emplazamiento por edicto. Por tanto, en ausencia de elementos que demuestren perjuicio, parcialidad, abuso de discreción o error manifiesto en el ejercicio de sus facultades adjudicativas, este Foro viene llamado a mostrarse deferente ante el

pronunciamiento emitido. De este modo, dado a que nada en el expediente sugiere que el foro primario actuó en contravención a los parámetros que impone nuestro ordenamiento jurídico, y por estimar razonable su determinación en la presente materia, sostenemos el dictamen apelado.

**IV**

Por los fundamentos que anteceden, se confirma la sentencia apelada. El Juez Isaías Sánchez Báez está conforme y consigna las expresiones siguientes:

> Las gestiones para intentar lograr el emplazamiento personal de Christian Private Academy, Inc. fueron potencialmente efectivas para tratar de localizar y emplazar la corporación personalmente. A pesar de intentar diligenciar el emplazamiento, por conducto del agente residente, ello no fue posible debido a que éste no estuvo disponible en su dirección física. Véase, *Global v. Salaam*, 164 DPR 474, 484-485 (2005) (Se encontró justificado un emplazamiento por edicto a una corporación porque se acreditaron varias gestiones potencialmente efectivas para emplazar personalmente, pero el agente residente no se encontraba en la dirección que constaba en el Registro de Corporaciones). Tampoco estuvo disponible para recibir el emplazamiento cuando el emplazador lo llamó por teléfono. Nótese que, en el caso de las corporaciones, estas tienen un deber legal de mantener una oficina designada. Asimismo, el agente residente tiene el deber legal de mantener una oficina abierta regularmente en horas laborables. Véanse, Arts. 3.01 y 3.02 de la Ley 164-2009, según enmendada, conocida como la "Ley General de Corporaciones", 14 LPRA secs. 3541 y 3542. Ello tiene el fin de que "cualquier persona interesada, en cualquier momento, pueda encontrar a esa persona jurídica que es la corporación y adquirir jurisdicción sobre ella". C.E. Díaz Olivo, *Corporaciones: Tratado sobre Derecho Corporativo, 2da ed. rev.,* Editorial AlmaForte, 2018, pág. 166. Por último, si bien existían otros oficiales corporativos a quienes se le podía dirigir el emplazamiento en virtud de las alternativas de emplazamiento a corporaciones domésticas dispuestas en el Artículo 12.01 de la Ley General de Corporaciones, 14 LPRA sec. 3781, la realidad es que solo se exige que el litigante agote una de las alternativas para emplazar a una corporación doméstica. Véase, *SLG Rivera-Torres v. SLG Díaz-Doe et al.,* 207 DPR 636, 650 (2021).

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.



Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones